### BEAUBOEUF v. McGEHEE.

No. 5030.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

T. A. Carter, of Alexandria, for appellant.
A. J. Roy, of Marksville, for appellee.

TALIAFERRO, Judge.

Louis P. Roy obtained a judgment against Alvin Beauboeuf, plaintiff herein, in the district court of the parish of Avoyelles, on which he was preparing to execute. At that time Beauboeuf, who farmed on a small scale, was being financed by C. A. McGehee, defendant herein. He interested McGehee in his behalf, and they succeeded in having Roy abandon his intention of executing the judgment by seizure and sale of Beauboeuf's property. This was done by giving Roy a note for an amount equal to the total of the judgment, principal, interest, attorney's fees, etc., or $236.30, due on October 1, 1931, one year from its date, which was signed by Beauboeuf and McGehee as makers. This note is in regular bank form but contains the following significant stipulation, explanatory of the purpose for which given, viz.: "Same to secure judgment of L. R. Roy vs. Alvin Beauboeuf, No. 8079."

Beauboeuf delivered to Roy one bale of cotton against the note. Its proceeds, $28.50, were credited thereon. He made no further payments on it, and finally McGehee paid Roy the balance thereon. It was marked paid by Roy and delivered to McGehee, and at same time Roy transferred the judgment to McGehee. The note was subsequently given by McGehee to Beauboeuf, or his attorney. McGehee, as assignee of the judgment, caused execution to issue thereon and some cotton of Beauboeuf's was seized thereunder. Beauboeuf enjoined sale of the property on the ground that he had paid the note in full after McGehee took it up from Roy. He relies upon his possession of the marked paid note to support his contention that he had paid it. However, Roy is the person who wrote, "Rec'd payment in full May 19, 1933," across the face

of the note, and affixed his signature thereunder—not McGehee.

Defendant denies that Beauboeuf paid the note while it was in his possession, but avers that the balance due thereon was paid by him to Roy as he was bound thereon as principal. He avers, and the testimony sustains him, that:

" * * * That the said note, which is the object of this suit, came into the hands of the plaintiff as a result of a conference held between the plaintiff, your respondent, and their respective attorneys, C. A. Riddle and A. J. Roy, on January 22, 1934, as follows: That said note in question, together with several other notes, was left with the attorney for plaintiff, C. A. Riddle, for safe keeping, your respondent never admitting that said note had been paid; that said plaintiff's attorney, at that time, took the position, since the note could not be identified with the judgment as to the date and amount, taken by Louis P. Roy against Alvin Beauboeuf, and since said note included in its face amount the amount of the judgment, that said note should be returned to plaintiff. It was then agreed and understood and all parties to this agreement were agreed to the effect that your respondent was to retain the judgment of which your respondent is transferee and, in addition thereto, in order to straighten out the open account business between plaintiff herein and respondent herein and to do away with a number of notes, plaintiff executed to the order of your respondent a certain crop lien and chattel mortgage note dated January 22d, 1934, and due September 15, 1934, in the amount of sixty-seven ($67.00) dollars; your respondent shows further that plaintiff herein never took the position until very recently that the judgment transferred to your respondent had been paid; your respondent shows that said judgment is due and unpaid."

The lower court rejected plaintiff's demands and dismissed his suit. He has appealed.

The evidence in the case, the attitude of all parties concerned, and the stipulation in the face of the note given Roy by McGehee and Beauboeuf, above quoted, remove any doubt of the true intent and purpose of the parties in the execution and delivery of the note. It was given Roy as collateral security for payment of the judgment he held against Beauboeuf. It appears fairly certain that execution on the judgment would not have resulted in collection thereof in full. It was of no small concern to Roy to have payment of the amount of the judgment well secured at the end of one year by having McGehee's signature to guarantee such a result.

McGehee's dealings with Beauboeuf covered several years. He loaned him money and stood good for his accounts with merchants. Beauboeuf would liquidate these obligations by giving notes from time to time, secured by chattel mortgage or crop lien. These ran in amount from $182 to $25. Finally, some dispute arose between them as to the balance due McGehee, and, as alleged by him, both parties, with their respective counsel, held a conference whereat accounts, notes, etc., were examined, and a balance struck. It disclosed that Beauboeuf was due McGehee $67 on account, and he then and there executed to McGehee a new note for said balance and secured its payment by chattel mortgage and crop lien. This amount was due and owing over and above the balance due on the judgment. It was agreed at this conference that all the notes of Beauboeuf held by McGehee would be delivered to the former's counsel, and that the judgment should remain unaffected by anything said and done at the time.

█ The learned trial judge in a written opinion analyzed fully and clearly all the various accounts and notes involved in the case and convincingly reasoned that plaintiff's plea of payment was without merit. We fully agree with his conclusions on that issue. No good purpose would be subserved by burdening this opinion with the intricate details of the relations between the parties comprehensively discussed and passed on by the lower court.

█ Plaintiff belatedly raised the question of novation of the Roy judgment by giving of the note by McGehee and Beauboeuf. This issue is not raised in the petition for injunction, but, on the contrary, it is affirmatively negatived by the following allegations, viz.:

"That the said C. A. McGehee requested the said Mr. Louis P. Roy to transfer said judgment to him, C. A. McGehee, in order that the said C. A. McGehee might have collateral in event he signed the said note for the said Alvin Beauboeuf. That said note was duly executed and signed on October 1, 1930 by your petitioner and the said C. A. McGehee. That when the said note became due, that your petitioner was not able to pay said note and that the said C. A. McGehee paid the said Louis P. Roy and took up the note which your petitioner had signed. That in due course your petitioner paid the said note to the said C. A. McGehee in full, together with interest * * *."

Therefore, since finding that the note was not paid by Beauboeuf, but by McGehee, certainly the judgment, unimpaired, became the property of McGehee. Novation is never presumed (Civ. Code, art. 2190); and, as stated above, the face of the note definitely reflects that it was given as collateral security to the judgment, not to extinguish it, and when McGehee paid the note he was entitled to and did acquire ownership of the judgment.

The judgment appealed from is affirmed.